**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CARLOS WOODS #42821-037      *

Petitioner      *

v.      *      Civil Action No. WDQ-12-1260

     *

ATTORNEY GENERAL OF THE STATE OF *
MARYLAND

     *

Respondent

***

MEMORANDUM OPINION

On April 24, 2012,[1] Petitioner Carlos Woods filed the instant 28 U.S.C. § 2254 habeas

corpus application attacking his 2005 Maryland judgments of conviction for drug distribution.

ECF No. 1. The Respondent Attorney General filed an answer which solely addresses the

timeliness of the Woods's application. ECF No. 9. Woods was advised of his opportunity to file

a reply, ECF No. 11, and has done so, ECF No. 17. No hearing is required. S*ee* Rule 8(a), *Rules

Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. §

2254(e)(2). For the following reasons, the Court will dismiss the petition as time-barred and

decline to issue a Certificate of Appealability.

I.      Background

On May 13, 2005, Woods pled guilty in the Circuit Court for Baltimore City to two

counts of distribution of heroin (Case Nos. 104252012 and 104006043) and one count of

---

[1] The Petition is dated April 19, 2012, and thus deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 274-76 (1988); *United States. v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

distribution of cocaine (Case No. 104281012).[2]  ECF No. 9 Ex. 1-3.  That same day, the court

imposed three concurrent seventeen-year prison terms, with all but seven years suspended, and

four years probation.  *Id.*  On May 20, 2005, a motion for modification of sentence was denied.

ECF No. 9 Ex. 1 at 4, Ex. 2 at 5, Ex. 3 at 6.  Woods did not seek leave to appeal the entry of the

guilty pleas and sentences.  ECF No. 9 Ex. 1-3; *see also* ECF No. 1 Mot. at 6.  Thus, Woods's

conviction became final for direct appeal purposes on Monday, June 13, 2005, when time to seek

leave to appeal expired.[3]   Woods was paroled after completing six months of boot camp and six

months of work release, on September 29, 2006.  ECF No. 17 at 2.

On February 23, 2007, Woods was charged in this Court with drug offenses for which he

was convicted and sentenced to 262 months imprisonment.  *United States v. Woods*, Criminal

No. WDQ-07-0127 (D. Md.), ECF Nos. 1, 42.  On October 25, 2007, Woods's state probation

was revoked as a result of this arrest and conviction, and he was sentenced to ten years

imprisonment consecutive to the federal sentence.  *See* ECF No. 9, Ex. 1-3; *see also* ECF No. 1

Mem. at 2-3.

On June 12, 2008, Woods initiated post-conviction relief in the Circuit Court for

Baltimore City.  ECF No. 9 Ex. 1-3.  On September 28, 2010, relief was denied.  *Id.*  Woods

moved to reopen post-conviction proceedings and on December 8, 2010, the Circuit Court re-

filed its post-conviction decision.  *Id.*  Woods's application for leave to appeal the denial of relief

---

2 Woods is no stranger to the criminal courts.  *See United States v. Woods*, Criminal No. WDQ-07-0127 (D. Md.);
*see also* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

3 *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e) (2005) (appeal of guilty plea is by way of application for leave
to appeal); Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment
or order from which appeal is sought).

was rejected by the Court of Special Appeals of Maryland on April 12, 2012, with the mandates issuing on May 16, 2012.[4] *Id.*, Ex. 4-6.

On April 24, 2012, Woods filed his petition for habeas corpus. ECF No. 1. On May 7, 2012, Woods moved for this Judge's recusal. ECF No. 5. On June 11, 2012, the Attorney General responded arguing that the petition is time barred. ECF No. 9. On July 13, 2012, the Court ordered Woods to show cause why his petition is not time-barred. ECF No. 11.

On July 31, 2012, the Court denied Woods's recusal motion. ECF No. 13. On August 7, 2012, Woods filed an interlocutory appeal of the Court's denial of his recusal motion. ECF No. 14. On September 5, 2012, Woods replied to the government's opposition to his petition. ECF No. 17. The Fourth Circuit has not yet ruled on Woods's appeal.

II.     Analysis

        A.      Jurisdiction

Although not addressed by the parties, the Court has an obligation to ensure that it has jurisdiction over the case. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). Ordinarily, "the filing of an appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Levin v. Alms & Assocs., Inc.* 634 F.3d 260, 263 (4th Cir. 2011) (internal quotation marks omitted). However, "the district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010).

Woods has appealed the Court's denial of his motion to recuse. ECF No. 14. An order denying recusal is not an appealable interlocutory or collateral order. *See, e.g., United States v.*

---

[4] On November 9, 2011, the Circuit Court denied a subsequent motion to reopen post-conviction proceedings. ECF No. 9 Ex. 1-3. On December 21, 2011, reconsideration was denied. *Id.*

*Parker*, 428 F. App'x 260 (4th Cir. 2011). As there is no basis for Woods's appeal, this Court

has jurisdiction to consider Woods's petition. *See Jones*, 367 F. App'x at 484; *Jackson v. Poole*,

No. 06 Civ. 00188(PKC)(DF), 2011 WL 4901314, at *4 (S.D.N.Y. July 19, 2011).

    B.    Woods's Petition

        1.    Standard of Review

28 U.S.C. § 2244(d)[5] provides a one-year statute of limitations in noncapital cases for

those convicted in state court. This one-year period is, however, tolled while properly filed post-

conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C.

§ 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F.

Supp. 2d 771, 771-72 (D. Md. 1998).

In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court concluded that

equitable tolling applies to the statute of limitations for post-conviction petitions filed under §

---

[5] This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2254. *Id.* at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show that (1) he has diligently pursued his rights and (2) some extraordinary circumstance prevented the timely filing. *Id.* at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris*, 209 F.3d at 329-30.[6]

### 2.    Timeliness of Woods's Petition

Woods asserts that his counsel did not inform him of the one-year limitations period for seeking federal habeas corpus relief. ECF No. 17 at 4. Woods also argues the limitations period should not apply to him because he is not knowledgeable in the law and because his post-conviction counsel erroneously informed him that he could seek federal habeas corpus relief after completion of post-conviction proceedings. *Id.* at 5-6.

Woods's judgment of conviction became final for direct appeal purposes on June 13, 2005. Between June 13, 2005 and June 12, 2006, Woods had no pending post-conviction or other collateral proceedings that would have tolled the limitations period set forth in 28 U.S.C. § 2244(d). By the time Woods initiated post-conviction proceedings in 2008, the one-year limitations had long since expired; thus, any error on the part of post-conviction counsel regarding the limitations period is harmless. The instant petition is time-barred pursuant to 28 U.S.C. § 2244(d).

### C.    Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . .

---

[6] *See also Lusk v. Ballard*, No. 2:10cv5, 2010 WL 3061482 at *6-7 (N.D. W. Va. July 22, 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Woods has not satisfied this standard, and the Court declines to issue a certificate of appealability. A separate order follows.

12/3/12
Date

William D. Quarles, Jr.
United States District Judge

6